IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:22-CV-54-BO-KS

| | |
|---|---|
| JAMES A. HALL JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MARTIN O'MALLEY, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on plaintiff's complaint seeking review of the final decision of the Commissioner of Social Security and entry of judgment in his favor. The appropriate briefs pursuant to the Supplemental Rules for Social Security have been filed, [DE 13 and 20], and a hearing was held before the undersigned on February 15, 2024, at Edenton, North Carolina. In this posture, the matter is ripe for disposition. For the reasons that follow, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his applications for disability and disability insurance benefits pursuant to Title II of the Social Security Act and supplemental security income pursuant to Title XVI of the Act. Plaintiff protectively filed his applications on November 5, 2020, alleging disability beginning August 16, 2019. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The decision

of the ALJ became the decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental irnpairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining at step one that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date, the ALJ found at step two that plaintiff had the following severe impairments: degenerative disc disease, obesity, osteoarthritis, GERD, ulcerative colitis, cellulitis, hidradenitis suppurativa, attention deficit hyperactivity disorder, depression, and anxiety. The ALJ determined that these impairments did not meet or medically equal the severity of a Listing at step three. At step four, the ALJ made an RFC finding that plaintiff could perform a reduced range of light work and that plaintiff could not perform his past relevant work. The ALJ found at step five that based on plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy which plaintiff could perform, such as hand packager, garment sorter, and ticket taker. Accordingly, the ALJ found plaintiff not to be disabled as of the date of the decision.

3

Plaintiff raises three assignments of error. First, plaintiff argues that the ALJ erred in failing to account for plaintiff's functional limitations in the RFC. Second, plaintiff contends that the ALJ erred in failing to properly assess his statements concerning the intensity, persistence, and limiting effects of his symptoms as well as their consistency with the medical and other evidence. Third, plaintiff argues that the ALJ erred in failing to accurately set out all of his mental and physical limitations in the hypothetical questions posed to the vocational expert (VE). The Court has considered plaintiff's arguments and determines that the decision of the ALJ is supported by substantial evidence.

An RFC assessment must be based on all of the relevant medical and other evidence and should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). In making an RFC determination, an ALJ must provide a narrative discussion which includes a "logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). An ALJ's decision "must [also] include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)).

Plaintiff contends that the finding that he could perform a modified range of light work is not supported by substantial evidence because he cannot stand or walk for six hours in an eight-hour day. However, the medical record supports the ALJ's finding. Although plaintiff has had two back surgeries, he has recovered well from each and in March 2022 denied radicular pain, ambulated without assistance, and denied numbness and tingling to his toes. Tr. 2427. Plaintiff did

4

complain of localized back pain, but it was noted that he had no significant neural compression and nothing was neurologically compromised. Tr. 2426. Over time, records reflected full strength, normal gate, and denial of radiculopathy, numbness, and tingling. Plaintiff also complained of knee pain, but the record evidence supports no meaningful limitations from any knee condition. *See, e.g.*, Tr. 264, 273. In other words, there is substantial evidence in the record to support the ALJ's conclusion that plaintiff had the RFC to perform the exertional requirements of a modified range of light work despite his limitations. The RFC further adequately reflects plaintiff's other impairments, including his vision loss in his left eye, which plaintiff testified he could work with while wearing an eye patch, his need for frequent bathroom access, and his mental limitations.

The same evidence further supports the ALJ's conclusion that plaintiff's statements regarding the intensity and persistence of his symptoms were not consistent with or supported by the medical or other evidence. Plaintiff correctly argues that, once he has established the existence of an impairment which causes pain, he need not present objective evidence, and instead may rely on subjective evidence, to show the limiting effects of his pain. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 96 (4th Cir. 2020). However, in March 2022, after his two back surgeries, plaintiff reported to his provider no radicular pain or numbness or tingling but testified at the hearing before the ALJ in April 2022 that he experiences tingling in his legs and feet and feels as though he is walking on nails. Tr. 2681; *see* SSR 16-3P (individual's statements and information provided by medical sources are considered when evaluating the intensity, persistence, and limiting effects of symptoms). The ALJ's assessment of this evidence is not contrary to law and is supported by substantial evidence.

5

Finally, plaintiff argues that the ALJ failed to provide an accurate hypothetical to the VE. However, as discussed above, the RFC finding by the ALJ is supported by substantial evidence. The Court discerns no other error with the hypotheticals posed to the VE. In sum, the Court has considered each of plaintiff's arguments but determines that the ALJ's decision is sufficiently detailed to allow the Court to conduct meaningful review and that her decision is supported by substantial evidence.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision is supported by substantial evidence and the correct law was applied. The decision of the Commissioner is therefore AFFIRMED. The Commissioner's motion for judgment on the pleadings [DE 19] is GRANTED. The clerk shall enter judgment in favor of defendant and close the case.

SO ORDERED, this 25 day of March 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE